**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2009

Charles R. Fulbruge III
Clerk

No. 07-30811
Summary Calendar

DERRICK SCOTT

Plaintiff-Appellant

v.

RAY HANSON

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-460

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Derrick Scott, Louisiana prisoner # 126372, appeals the district court's judgment, following a jury trial, dismissing his 42 U.S.C. § 1983 complaint against a prison officer, Ray Hanson, for use of excessive force. Scott argues on appeal that the district court erred in denying his motion for a new trial.

A district court's decision not to grant a new trial generally is not appealable. *See Youmans v. Simon,* 791 F.2d 341, 349 (5th Cir. 1986). Instead,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it is regarded as an attack on the final judgment. *See id.* Scott failed to move for judgment as a matter of law in the district court at the close of the evidence pursuant to Federal Rule of Civil Procedure 50. Accordingly, our review is limited to determining "whether there was any evidence to support the jury verdict." *Flowers v. Southern Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001).

To prevail on an Eighth Amendment claim of use of excessive force, a plaintiff must establish that the force was not applied in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm. *Hudson v. McMillian,* 503 U.S. 1, 6-7 (1992). At trial, Hanson denied using mace on Scott outside of a disciplinary courtroom and then dragging him to his cell. Hanson acknowledged that Scott was still restrained and inside of his cell when mace was briefly used; however, Hanson testified that the use of mace was justified by Scott's continued refusal to comply with orders to cease his disruptive behavior, which Hanson said interfered with audio equipment used to monitor the inmates and guards.

Therefore, there was support in the record for the jury's conclusion that Hanson's actions did not constitute an excessive use of force. *See Baldwin v. Stalder*, 137 F.3d 836, 838-39, 841; *Flowers*, 247 F.3d at 238.

AFFIRMED.